IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER L. SHELFER and SEAM PARK,<br><br>  Plaintiffs,<br><br>                      v.<br><br>GREGORY PEST CONTROL, INC.,<br><br>  Defendant. | Civil Action No.<br>1:20-cv-03000-SDG |

## OPINION AND ORDER

Plaintiffs allege that Defendant Gregory Pest Control, Inc. (Gregory) failed to identify and treat a massive, active termite infestation in their home. This matter is before the Court because Plaintiffs seek leave to add Gregory's predecessor-in-interest as a party-Defendant [ECF 15]. For the following reasons, Plaintiffs' motion is **GRANTED**. Because the addition of Co-Operative as a defendant destroys the Court's diversity jurisdiction, this action must be **REMANDED**.

### I.   Background

According to Plaintiffs, Gregory negligently inspected and treated their home for termites, leading to extensive and expensive damage, and breached a termite bond and repair warranty (the Warranty) by failing to cover the necessary

repairs.[1] Although the Warranty was initially issued by Co-Operative Exterminating, Inc. n/k/a Hanks Holdings, Inc. (Co-Operative), Gregory is alleged to have succeeded Co-Operative's interests and obligations in March 2018.[2] Plaintiffs also allege that Gregory admitted its liability and initially agreed to honor the Warranty, but ultimately refused to do so.[3]

When Plaintiffs initiated an arbitration with the American Arbitration Association (AAA) as required by the parties' agreement, Gregory refused to pay its share of the necessary costs.[4] This resulted in the AAA declining to administer the arbitration.[5] Plaintiffs therefore filed suit on June 17, 2020 in the Superior Court of Fulton County, Georgia.[6] They assert causes of action for breach of contract (Count I); negligence (Count II); a declaration of unconscionability (Count III); attorneys' fees (Count IV); and punitive damages (Count V).[7] On July 20, 2020,

---

[1] *See generally* ECF 1-1.

[2] *Id.* ¶ 2.

[3] *Id.* ¶ 5.

[4] *Id.*

[5] *Id.*

[6] ECF 1-1, at 1.

[7] *Id.* at 10–14.

Gregory filed its answer and then timely removed the action to this Court on the basis of diversity jurisdiction.[8]

On August 28, Plaintiffs filed their motion for leave to amend the Complaint to add Co-Operative as a defendant, attaching the proposed amended pleading.[9] Gregory opposed the motion on September 11.[10] Plaintiffs filed their reply on September 25.[11] The motion is thus fully briefed and ripe for consideration.

## II.     Applicable Legal Standard

Plaintiffs seek leave to amend under Federal Rules of Civil Procedure 15(a)(2) and 20(a)(2).[12] However, because their motion follows timely removal of the case and the proposed amendment would eliminate the Court's jurisdiction, 28 U.S.C. § 1447(e) applies to Plaintiffs' request for leave. Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

---

[8]   ECF 1-5; ECF 1.

[9]   ECF 15; ECF 15-2. Plaintiffs filed a corrected version of the proposed amendment on September 23, 2020, repairing paragraph numbering problems and including exhibits that had been omitted from their August 28 filing. ECF 19.

[10]  ECF 18.

[11]  ECF 20.

[12]  *See generally* ECF 15.

*See also Ingram v. CSX Transp.*, 146 F.3d 858, 862 (11th Cir. 1998) ("Because section 1447(e) was applicable here, the district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand Ingram's case to state court."); *Smith v. White Consol. Indus.*, 229 F. Supp. 2d 1275, 1278 (N.D. Ala. 2002) ("What the court cannot do [under § 1447(e)] is allow an amendment that destroys federal jurisdiction and exercise jurisdiction over the case.").

"Courts have regularly held that the liberal amendment standard in Rule 15 must yield to the more specific rule governing joinder after removal in Section 1447(e)." *Liberacki v. Kroger Co.*, No. 1:13-cv-00059-JCF, 2013 WL 12061882, at *2 (N.D. Ga. Apr. 18, 2013). *See also Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La. 1997) ("Thus, § 1447(e) trumps Rule 15(a)"). The Court must "scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum." *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018). *See also Reyes v. BJ's Rest., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019).

Ultimately, "the decision to join a non-diverse party is within the discretion of the court." *Johnson v. Lincoln Harris, LLC*, No. 1:15-cv-3979-WSD, 2016 WL 2733425, at *2 (N.D. Ga. May 10, 2016). *See also* 14C Charles A. Wright, *et*

*al.*, FEDERAL PRACTICE AND PROCEDURE § 3739.1 (updated Oct. 2020) ("Thus, the statute, as amended, leaves the joinder issue to the discretion of the district court."). However, the Court's discretion "does not imply that § 1447(e) amendments should be granted as a matter of course." *Sexton v. Progressive Preferred Ins. Co.*, No. 4:09-cv-0102-HLM, 2009 WL 10664783, at *2 (N.D. Ga. July 28, 2009). The Eleventh Circuit has adopted a four-factor balancing test articulated by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). Under this balancing test, the Court should weigh:

> (1) the plaintiff's motive for seeking joinder; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other relevant equitable considerations.

*Reyes*, 774 F. App'x at 517. *See also Dever*, 755 F. App'x at 869.[13]

### III. Discussion

The parties do not dispute that the Court has diversity jurisdiction over this action as it currently stands.[14] Plaintiffs are citizens of the State of Georgia;[15]

---

[13] Under Eleventh Circuit Rule 36-2, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."

[14] ECF 15; ECF 18.

[15] ECF 1, ¶ 2. *See also* ECF 1-1, ¶ 6 (alleging Plaintiffs reside in Atlanta, Georgia).

Gregory is a citizen of the State of South Carolina.[16] The Complaint seeks more than $100,000 in damages.[17] Nor do the parties differ in their assessment of Plaintiffs' proposed amendment: the addition of Co-Operative as a party-Defendant would destroy diversity.[18] "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity—every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996) (citations omitted), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The question for the Court, then, is whether the amendment should be permitted. Under the circumstances presented here, the Court concludes that it should.

### A.   *Hensgens* analysis

#### 1.   Motivation in seeking leave to amend

Plaintiffs argue that they should be allowed to amend their pleading to add Co-Operative because Gregory only recently asserted that it is not the successor in interest to Co-Operative.[19] The Complaint alleges that Gregory succeeded to Co-

---

[16]   ECF 1, ¶ 3; ECF 1-1, ¶ 7.

[17]   ECF 1-1, at 14–15.

[18]   ECF 15-1, at 4–5; ECF 18, at 6–9.

[19]   ECF 15, at 1.

Operative's interests and obligations in March 2018 when the former acquired the latter.[20] Plaintiffs discovered the termite damage in August 2019.[21] When it sent representatives to Plaintiffs' property, Gregory allegedly admitted liability and indicated that it would honor the Warranty.[22] Nor did Gregory deny that it was the successor-in-interest to Co-Operative when Plaintiffs initiated the AAA arbitration.[23] According to Plaintiffs, the first time Gregory indicated that it was *not* Co-Operative's successor-in-interest was in its June 20, 2020 answer.[24]

Co-Operative *was* a party to Plaintiffs' abortive attempt to pursue these claims in arbitration.[25] This fact therefore lends a modicum of credence to Gregory's assertion that Plaintiffs seek to add Co-Operative here to destroy diversity.[26] But that is countered by (among other things) Plaintiffs' reason for the timing of their proposed amendment: shortly after Gregory answered, denying its

---

[20] ECF 1-1, at ¶ 2.

[21] *Id.* ¶ 3; ECF 15, at 2.

[22] ECF 1-1, ¶¶ 5, 28–33; ECF 15-1, at 2–3.

[23] ECF 15-1, at 3; ECF 20, at 4.

[24] ECF 15-1, at 3–4.

[25] *Id.*

[26] ECF 18, at 7–9.

successor-liability.[27] Plaintiffs' reply brief cogently explains their reasons for thinking Gregory had assumed Co-Operative's liabilities.[28] The Court has no basis to question the reasonableness of Plaintiffs' belief as a result of those factors.

This factor therefore favors Plaintiffs.

### 2. Timeliness of request

On August 19, 2020, the parties filed their Joint Preliminary Report and Discovery Plan (the Report).[29] In the Report, the parties asserted that Co-Operative is a necessary party to this action.[30] Accordingly, Plaintiffs also indicated that they intended to amend their pleading to add Co-Operative as a defendant.[31] Plaintiffs then filed their motion for leave to amend on August 28.[32] At that point, the case had been pending in total a little over two months and in federal court a little over a month. No substantive activity had taken place. Plaintiffs sought leave shortly after Gregory first denied having succeeded to any liability of Co-Operative. The

---

[27] ECF 1-5, at 8 ¶ 3.

[28] ECF 20, at 7–9.

[29] ECF 10.

[30] *Id.* §§ 4, 5.

[31] *Id.* §§ 5, 6.

[32] ECF 15.

motion was filed within the time permitted for amendments under the Court's scheduling order and is Plaintiffs' first such request.[33]

Gregory also suggests that Plaintiffs unreasonably delayed in seeking leave to amend because the Complaint is replete with references to Co-Operative and Co-Operative's conduct.[34] This is unsurprising since the Complaint also indicates that Co-Operative conducted termite inspections at Plaintiffs' property from at least 2016 until Gregory acquired that business in March 2018.[35] The fact that Plaintiffs were aware Gregory was discussing the issue of liability with Co-Operative or had some reason to suspect Co-Operative might be liable to Gregory[36] does not mean that Plaintiffs were unreasonable in seeking to add Co-Operative as a party when they did—after Gregory answered and denied successor liability.

The addition of Co-Operative surely cannot come as a surprise to Gregory given that the issue was discussed during the Rule 26(f) conference and flagged in

---

[33] ECF 13.

[34] *See, e.g.*, ECF 18, at 2–4.

[35] ECF 1-1, ¶¶ 2–3.

[36] ECF 18, at 4 (citing ECF 1-1, ¶¶ 32–33), 7–8. *Compare with* ECF 20, at 6–7 (discussing difference between indemnification and successor liability).

the Report.[37] There is no indication that Co-Operative is not otherwise a perfectly proper party to this litigation. As a result, the Court places less weight than it might otherwise on the fact that Plaintiffs did not seek to add Co-Operative until after removal: The triggering event according to Plaintiffs (Gregory's denial of the assumption of successor-liability in its answer) occurred the same day the case was removed. *Cf. Hickerson v. Enter. Leasing Co. of Ga., LLC,* No. 19-13670, 2020 WL 3119069, at *4 (11th Cir. June 11, 2020) (per curiam) (concluding district court did not abuse its discretion in denying leave to amend to add a defendant that would destroy diversity where there was evidence plaintiffs' purpose was to defeat jurisdiction).

Accordingly, the Court concludes that Plaintiffs' request was timely and that this factor weighs in favor of permitting the amendment.

### 3. Injury to Plaintiffs

Plaintiffs assert that their motive for adding Co-Operative is to "obtain full and complete relief for their damages" and prevent potential inconsistent judgments.[38] If part of Gregory's defense is to point the finger at Co-Operative, the potential injury to Plaintiffs is significant if that entity is not added as a party to

---

[37] ECF 10; ECF 15-1, at 7.
[38] ECF 15, at 4–5, 7.

the litigation—even if Plaintiffs would still be able to pursue relief against Co-Operative in a separate action. Although Plaintiffs could pursue a separate action, it is certainly not the most efficient use of federal or state court resources to force separate litigations related to the same events and would cause Plaintiffs harm. *Johnson*, 2016 WL 2733425, at *3 ("If amendment is not allowed in this case, Plaintiff faces the prospect of maintaining a separate lawsuit in state court. The two lawsuits, both based entirely on state law, would be duplicative and would unnecessarily waste the resources of the parties and the judicial system. Courts within this Circuit have concluded that such parallel litigation would constitute 'significant injury' under *Hensgens*.") (citations omitted). As Plaintiffs note, "it is Gregory's challenge to Plaintiffs' successor in interest theory of liability as to some of Plaintiffs' claims—which Gregory had not challenged prior to its Answer—that necessitates adding Co-Operative as a party."[39] This factor, then, weighs in favor of Plaintiffs.

### 4. Other Equitable Considerations

Courts in this circuit have stated that "[i]n balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's

---

[39] ECF 15-1, at 7 (footnote omitted).

right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." *Smith*, 229 F. Supp. 2d at 1282 (citing *Hensgens*, 833 F.2d at 1181). In *Smith*, the court stated:

> Diversity jurisdiction and the right of removal exist to give non-resident defendants the right to litigate in an unbiased form. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist.

*Id.* But, while Gregory's interest in a federal forum is significant, Gregory removed *immediately after* it denied succeeding to any liability incurred by Co-Operative, presumably with the knowledge that the addition of Co-Operative would destroy diversity. Gregory's complaints about the time and cost it incurred in removing must therefore be taken with a grain of salt.[40] Plaintiffs also note the irony of Gregory insisting that Co-Operative is a necessary party while arguing against the proposed amendment[41] (and at the same time asserting that whether Co-Operative

---

[40]  ECF 18, at 12.

[41]  ECF 20, at 1.

is a necessary party is not a factor the Court should consider[42]). At best then, this factor weighs slightly in favor of Gregory.

## IV.   Conclusion

On balance and in the exercise of its discretion, the Court finds that the *Hensgens* factors favor permitting Plaintiffs to add Co-Operative as a party-Defendant and remanding the action. Therefore, Plaintiffs' motion for leave [ECF 15] is **GRANTED**. The Clerk is **DIRECTED** to file ECF 19-1 as a separate document on the docket, **REMAND** this action to the Superior Court of Fulton County, Georgia, and close this case.

**SO ORDERED** this the 9th day of February 2021.

_____
Steven D. Grimberg
United States District Court Judge

---

[42] ECF 18, at 7.